UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-20552-CR-GAYLES/TORRES

UNITED STATES OF AMERICA

vs.

DAVID RIVERA and ESTHER NUHFER
_____/

**ESTHER NUHFER'S UNOPPOSED MOTION TO CLARIFY ORDER ON DEFENDANTS' JOINT MOTION FOR RELEASE OF *LIS PENDENS* ON SUBSTITUTE ASSETS (DOC. 75)**

The Court granted the Defendants' joint motion to dissolve the notices of *lis pendens* that the Government recorded on both Defendants' substitute assets. Order, Doc. 75. The properties at issue for Ms. Nuhfer were listed in the Indictment as the substitute assets listed in paragraph 5 of the forfeiture allegations as Properties (b), (c), and (g).[1] The other properties either belong to David Rivera or his wife. (And the property listed in paragraph (d) was voluntarily released by the Government).

Although David Rivera limited the properties he was seeking to lift the *lis pendens* to substitute properties (a) and (f) relating to his assets, Ms. Nuhfer sought to have the *lis pendens* lifted as to her properties, listed as (b), (c), and (g) in paragraph 5 of the forfeiture allegations listed in the Indictment. *See* Joint Motion,

---

[1] These properties are: (b) 9425 S.W. 38th Street, Miami, FL 33165; (c) 82 Tingler Lane, Marathon, FL 33050; and (g) 13604 S.W. 83rd Court, Palmetto Bay, Florida 33158

Doc. 54 at 2, n.1 ("Though the Government has recorded *lis pendens* against real estate in both Florida and Georgia ostensibly related to Rivera, **<u>as to him</u> this motion is limited only to two properties located in Florida**, properties designated as (a) and (f) in the substitute assets list of the Indictment, p. 33.") (emphasis added).

It appears that the Court read this footnote to mean that both Defendants were only seeking relief as to these two properties. *See* Order, Doc. 75 at 7, n.3. We can see why the Court read it this way as we did not specify the exact properties that belong to Ms. Nuhfer.  However, Ms. Nuhfer did not intend to be limited by Mr. Rivera's limitation as it related only to his properties. And of course, it would have made no sense to file a joint motion on behalf of both Defendants, only to seek an order relating to two of David Rivera's properties and none of Ms. Nuhfer's. We apologize for any lack of clarity.

Accordingly, we seek clarification of the Court's Order to require the Government to lift the *lis pendens* on Ms. Nuhfer's properties as well. The reasoning in the Court's 23-page order applies with equal force to those properties, and the motion filed by both Defendants in no way was meant to be limited to only David Rivera's properties.

We reached out to the Government for its position on this motion and it responded that it does not oppose us seeking clarification of the Order.

WHEREFORE Esther Nuhfer seeks clarification of the Court's Order so that it includes the substitute assets listed in the Indictment, page 33, at paragraphs (b) 9425 S.W. 38th Street, Miami, Florida 33165; (c) 82 Tingler Lane, Marathon, Florida 33050; and (g) 13604 S.W. 83rd Court, Palmetto Bay, Florida 33158.

        Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By:  /s/ David Oscar Markus
     David Oscar Markus
     dmarkus@markuslaw.com

     /s/ A. Margot Moss
     A. Margot Moss
     mmoss@markuslaw.com
     *for Defendant Nuhfer*