UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CR-20552-Damian/Torres

UNITED STATES OF AMERICA

vs.

DAVID RIVERA and
ESTHER NUHFER,

      Defendants.

_____/

GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCLOSURE
OF, AND DISCOVERY REGARDING, ANY ADVICE OF COUNSEL DEFENSE

The United States respectfully submits that the Court should grant the relief requested in the government's motion to compel disclosure and discovery of any advice of counsel defense (ECF 342, "Mot."), over defendants' arguments to the contrary (ECF 344, "Opp.").

At base, the government filed its motion out of a concern that, without the requested relief, defendants will spring on the government and the Court, perhaps during opening argument or even halfway through trial, a claim that they received advice from various lawyers to the effect that they were not required to register under FARA for their covert lobbying activities on behalf of the Maduro regime. *There is ample reason for such concern*: (1) one or more anticipated witnesses in the government's case-in-chief was informed by Rivera that Rivera had obtained a legal review of the PDV USA agreement; (2) separately, Rivera claimed in his written communications with the other FARA-scheme participants that he had consulted with an attorney about the agreement's assignment to PdVSA[1]; (3) defendant's preliminary witness list includes Adam Kaufman, Esq., an

_____

[1] *See* Mot. 1, quoting Superseding Indictment, ECF 122, p.24 ¶ 74: "[A] contract with PDVSA Caracas requires registering with FARA (Foreign Agent[] Registration Act), which my attorney has told me is currently illegal due to [the President of the United States]'s sanctions on PDVSA, and not to touch it with a 50-foot pole . . . ."

American attorney who has represented Venezuelans (including Raul Gorrin) in matters relating to U.S. sanctions; (4) the Cozen Memorandum with which this Court is familiar (*see* Mot. 2); and (5) Nuhfer's explicit reservation of rights to raise an advice-of-counsel defense by "affirmatively assert[ing]" one—without indicating how such an affirmative assertion could be made—at a time of her choosing, any time through opening statements through the close of the government's case, or perhaps even at some undefined point "when she presents her case."   Opp. 5.

To be clear, to the government's knowledge, there is not the slightest possibility of defendants making the factual showing necessary to raise an advice-of-counsel defense, which under the Circuit's pattern instructions requires that "the Defendant, ***before acting***:

- made a full and complete good-faith report of all material facts to an attorney he or she considered competent;
- received the attorney's advice as to the specific course of conduct that was followed; and
- reasonably relied upon that advice in good-faith.

11th Cir. PJI No. S18 (emphasis added); *see also United States v. Hill*, 643 F.3d 807, 851 (11th Cir. 2011) (describing elements and evidentiary showing required to obtain a good-faith-reliance-on-advice-of-counsel instruction).   Here, a claim that either defendant made the requisite disclosure to an attorney "before acting," and then reasonably relied on legal advice approving the alleged conduct underlying the pending charges, would strain credulity.

Although defendants have no viable advice-of-counsel defense, under their stated position, the defense remains profoundly dangerous in the context of this case.   To prove the pending charges, the government must establish that defendants acted willfully, meaning "voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law."   *See* Mot. 1 (citing 11th Cir. PJI B9.1A).   Consequently, permitting defendants to raise a specious advice-of-counsel defense during trial would result in prejudicial

juror confusion and the subversion of the truth-seeking function of the trial process by planting a seed in the jurors' minds that, despite the baselessness of any legal advice purportedly received, defendants could not have *willfully* violated FARA in failing to register.

To prevent that result, which would be authorized under the logic of defendants' opposition—and for which the government as a practical matter would not have effective recourse without the requested relief—the United States seeks an order precluding an advice-of-counsel defense absent disclosure of any such purported attorneys and legal communications, within a reasonable period (*i.e.,* ~2 weeks) before trial. Delaying such disclosure until the close of the government's case, as defendants suggest, would risk derailing the trial by forcing the pursuit in mid-April of discovery regarding purported attorneys and legal communications (as to which the government would need to issue mid-trial subpoenas for counsel testimony and documents) to rebut the contention that defendants acted with the blessing of legal advice from yet undisclosed attorneys.[2]

As set out below, there is ample legal authority—from numerous cases in this District and elsewhere—supporting the government's request for relief. The government respectfully disagrees with the few rulings defendants cite to the contrary. Ultimately, the government submits that the Court's exercise of discretion in this regard should account for the risk that defendants might seek to derail this trial (or even invite a mistrial) through strategic delay in disclosing an advice-of-counsel defense that would, in all events, be completely meritless.

---

[2] If the defense took this step in their opening arguments or mid-trial, as would be permitted under their position, this would broadly waive privilege over all relevant attorney-client communications, *see* Mot. at 4, including the Cozen Memorandum. Although that Memorandum could presumably be disclosed to the government in short order, that is not the case for ***other*** purported attorneys or legal communications that defendants might claim to have existed with respect to a mid-trial assertion of the advice-of-counsel defense.

## Discussion

In defendants' telling, requiring pre-trial disclosure of an advice-of-counsel defense by February 27th (*i.e.*, roughly two weeks before *voir dire*) if they wish to raise the defense at trial would be "extraordinary," unsupported, and contrary to the uniform weight of authority.   Opp. at 1; *but see id.* at 4 n.1 (noting defense counsel's "aware[ness] of some judges in this District requiring disclosure shortly before trial is to start.").

Defendants are simply wrong.   Courts in this District and elsewhere have required the relief sought by the government here, in view of the prejudicial delay and complication of trial (including a potential continuance to afford the government time for discovery) that would result in the event a defendant were to suddenly identify counsel and legal advice purportedly provided them halfway through trial.   In doing so, the courts have recognized that it is prudent—and entirely lawful—to require such disclosure reasonably in advance of trial, including because of the defense's inherent complexity and the risk of prejudice and delay associated with the government's need to subpoena counsel and pursue other discovery with trial already underway.

For example, in *United States v. Shapiro* (cited Mot. 6), Judge Altonaga ordered disclosure concerning the advice-of-counsel defense, namely, by requiring the defendant to "(1) identify the attorneys who purportedly provided such advice; and (2) waive privilege over, and produce to the Government, all communications he had with those attorneys."   Case No. 19-cr-20178-CMA, ECF 108 at 2 (S.D. Fla. July 8, 2019).   Judge Altonaga also provided a consequence for non-compliance: "If Defendant fails to comply, he will be barred from raising the defense before the jury."   *Id.*   At the time, trial was scheduled for August 5, 2019, and the Court ordered disclosure to be made by July 22, 2019—*i.e.*, two weeks before trial, essentially equivalent to what the government is seeking here.

In *United States v. Ramamurthy*, Magistrate Judge Jonathan Goodman entered a substantially similar order to that in *Shapiro* and set a deadline of "slightly more than two weeks before" trial for the defense to make the requisite disclosure and discovery, or else "be barred from raising the advice of counsel defense or mentioning evidence concerning this defense before the jury."   Case No. 18-cr-20710-Altonaga/Goodman, ECF 276 at pp.4–5 (S.D. Fla. Nov. 27, 2019).

In *United States v. Carver*, Judge Aileen Cannon entered an order requiring defendants to provide notice and disclosure for the advice-of-counsel defense by June 5, 2023 (over three weeks before calendar call and over a month before the July 10, 2023 trial date).   *See* Case No. 9:22-cr-80022, ECF 579 at 2 (S.D. Fla. June 1, 2023).   The order, in line with what the government asks for here, provided that "Failure to comply . . . will bar a Defendant from raising the defense before the jury."

Finally, a recent ruling from the Southern District of Georgia analyzed and rejected various arguments (similar to those made by defendants here) for why disclosure of the advice-of-counsel defense should be required "only after the government closes its case in chief."   *United States v. Moore*, Case No. 1:22-cr-14, ECF 115 at 7 (S.D. Ga. November 22, 2024), *Magistrate Judge order adopted over defense objections*, ECF 121 (Jan. 15, 2025).[3]   After canvassing the constitutional, statutory, and practical issues relevant to the parties' dispute, the court found "ample reason and authority to grant the government's request and require pretrial notice and disclosures concerning the advice-of-counsel defense."   *Id.* at 9 (noting "three supporting decisions from the Southern District of Florida," and that "the Court found myriad other decisions from across the country that reach[ed] the same conclusion") (collecting cases).

In short, defendants are simply wrong in claiming that the government's request for relief

---

[3] The court's ruling in *Moore* is attached hereto as Exhibit 1.

lacks foundation in the law. Under the authorities cited herein, it is prudent, and entirely lawful, to require pre-trial disclosure and discovery of the advice-of-counsel defense, reasonably in advance of trial.

Defendants' argument that the government's motion is improper because the Federal Rules provide for pre-trial disclosure for certain other affirmative defenses—*i.e.*, those identified in Rules 12.1, 12.2, and 12.3 (*see* Opp. 4)—founders under the weight of contrary authority. *See United States v. Dallman*, 433 F. Supp. 3d 804, 811 & nn.5, 6, & 7 (E.D. Va. 2020) (collecting cases on the court's inherent authority to order pre-trial disclosure of defenses beyond those specifically identified in the Federal Rules, and ordering disclosure of the advice-of-counsel defense ten days before trial). Indeed, in *Dallman*, while the court acknowledged two cases that declined to require disclosure (*i.e.*, the *Meredith* and *Wilkerson* cases cited Opp. 3-4), it recognized that "[t]he majority of district courts that have considered the question have sensibly exercised their inherent authority to impose a pretrial notice and discovery requirement regarding the advice-of-counsel defense," and found pre-trial disclosure warranted:

> The rationale for requiring pretrial notice and disclosure of a defendant's intention to assert the advice-of-counsel defense is persuasive. [The] defense is complex and may raise issues requiring additional briefing before trial. Specifically, the assertion of an advice-of-counsel defense may impact the scope of discovery otherwise permitted . . . The complexity of the defense and the potential for [such] discovery . . . weigh heavily in favor of a pretrial notice and discovery requirement to avoid unnecessary delays during trial. Accordingly, it is appropriate to require the defendants in this case to provide notice and discovery should any defendant wish to assert an advice-of-counsel defense.

*Id.* at 812–13 & n.7.

As for timing, the roughly two-week-before-trial disclosure deadline the government seeks is reasonable and well supported under the cases cited above, which imposed similar deadlines or required disclosure even further in advance of trial. Indeed, in *United States v. Roussonicolos*, Judge Kathleen Williams ordered disclosure regarding the advice-of-counsel defense to be made

roughly four months before trial.   *See* Case No. 21-cr-60273 (S.D. Fla.), ECF 185 at 1 (ordering disclosure of the defense by December 2, 2022); ECF 172 (noting trial was then set for April 3, 2023).   *See also United States v. Pisoni* (cited Mot. 6), Case No. 15-cr-20339-DPG, ECF 126 (S.D. Fla. Dec. 10, 2015) (Judge Gayles requiring defendants to provide the government "all documents they intend to use at trial to support their advice of counsel defense" by January 1, 2016—over two months before the March 7, 2016 trial date (*see id.* ECF 95)).

Moreover, imposing such a requirement here is all the more warranted in view of Nuhfer's stated position—that she may defer asserting an advice-of-counsel defense until opening argument "or when she presents her case."  Opp. 5.   Although counsel is correct in acknowledging that this would waive privilege and thereby oblige the disclosure of privileged materials relied on, counsel is wrong in maintaining that this would "ensure fairness."  *Id.*   In particular, counsel ignores the practical implications of Nuhfer's position, which would entail—apart from the already discussed delays and other prejudice associated with mid-trial discovery—the potential for the court to become enmeshed in collateral disputes over whether, and the extent to which, Nuhfer had "affirmatively asserted" an advice-of-counsel defense and thereby waived privilege, based on what might unfold during opening statements, cross examination, and the defense case.   *See* Opp. at 5 (suggesting the Court could "conduct in camera review" of legal communications during trial following Nuhfer's assertion of the defense); *cf. Moore*, cited *supra*, ECF 115 at 5 (noting the defendant there represented that he had "disavow[ed] any intent to present an advice-of-counsel defense" and would not request the related jury instruction, yet nonetheless reserved the right to "put on a good faith defense" that will include "talk about attorneys").   As already explained, the law does not require this Court to entertain defendants' claim of entitlement to inject unwarranted complexity and delay into the trial, even as it is already underway.

## **Conclusion**

For the foregoing reasons, the government requests that the Court enter the proposed order

attached to the Government's motion (ECF 342-1).

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:       /s/ David J. Ryan

Harold E. Schimkat, AUSA
Roger Cruz, AUSA
Court ID No. A5500567
Fla. Bar No. 157971
99 N.E. 4th Street, 4th Floor
Miami, Florida 33128
Office: (305) 961-9298
Cell: (786) 378-4344
Harold.schimkat@usdoj.gov

&
David J. Ryan
Trial Attorney, National Security Division
Special Bar ID No. A5503306
District of Columbia Bar No. 888325195
950 Pennsylvania Ave., NW, Room 7700
Washington, DC 20530
Tel: (202) 353-7842
David.ryan2@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 17, 2026, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

/s/
David J. Ryan