UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DAVID RIVERA and ESTHER NUHFER,

      Defendants.

_____/

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
OMNIBUS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE**

Defendants David Rivera and Esther Nuhfer filed an Omnibus Motion *in Limine* to Exclude

Evidence [ECF No. 338] on February 6, 2026. The government filed a Response in Opposition

[ECF No. 357] on February 17, 2026. Rivera and Nuhfer file this Reply.

**ARGUMENT**

**I.      Evidence of dire conditions in Venezuela should be excluded.**

Rivera and Nuhfer moved "to bar any evidence or argument about the dire humanitarian

conditions in Venezuela (*e.g.*, references to starving children, widespread homelessness,

unchecked crime, or human rights abuses)" as "irrelevant to the charged offenses" and likely to

"unfairly prejudice the jury." ECF No. 338, at 3 (Defs' MIL). The government rightly concedes

that it cannot and will not "referenc[e] 'dire conditions in Venezuela,'" such as the ones mentioned

by the defense, ECF No. 357, at 7 (Gov't Response). Accordingly, the government must instruct

its witnesses to do the same.

#110856135v2

Equally, Rivera and Nuhfer are concerned that the government will attempt to smuggle in evidence, such as a news article or a video under the guise that it is politically or contextually relevant, when it is really nothing more than an excuse to play on the jury's emotions and unduly prejudice Rivera and Nuhfer.  For example, out of hundreds of articles and photos cited in a text message conversation between Rivera, Nuhfer, and others, the government specifically included and highlighted the below image in its Government Exhibit 15:



Raul Gorrin responded to this photo and article, "Tiene 18 años," ("S/he's 18 years old"), to which Esther Nuhfer responded, "Wow que horror" ("Wow how awful"). The use of this photograph (and any related article) clearly violates Rule 403 as being "unduly prejudicial" (*i.e.*, by enflaming the jurors' animus against the Maduro dictatorship and—by extension—anyone who *allegedly* assisted it) when compared to the minimal relevance it serves (*i.e.*, showing that there were protests in Venezuela that were violently quelled). Accordingly, the Court must preclude the admission of all such pieces of evidence.

2

#110856135v2

Rivera and Nuhfer also note that the government—based on its Response—appears to be focused on articles and videos (like the one just mentioned) that Rivera, Nuhfer, and others exchanged as links in WhatsApp and other digital communications. *See generally* ECF No. 357, at 3–7. The question of the admissibility of these items has been more fully briefed by the defense in relation to the government's second Motion *in Limine* argument. *See* ECF No. 353, at 7–9 (Defendants' Response in Opposition to the Government's Omnibus Motion *in Limine*). Rivera and Nuhfer therefore ask that this Court follow the approach that Rivera and Nuhfer advocated therein and "follow the common-sense approach adopted by Judge Ruiz in *Perez-Paris* and deny the government's request to admit—wholesale and at this premature juncture—linked articles and videos," ECF No. 353, at 9, for these articles and videos are hearsay that may not be admissible pursuant to Rules 401, 403, and 801.

## II.   The PDV USA—Interamerican Consulting civil suit in the Southern District of New York must be dealt with extreme care.

The government concedes that it "does not seek to offer evidence regarding the 'underlying allegations' in the [S.D.N.Y.] lawsuit or the S.D.N.Y. parties' specific claims." ECF No. 357, at 7. "Rather," continues the government, "it only intends to refer in general terms to the fact that there was pending civil litigation concerning the PDV USA agreements, in connection with which Rivera provided sworn deposition testimony, as part of the foundation for introducing that testimony." *Id.* Here, Rivera and Nuhfer once again direct this Court to their Response to the Government's Motion *in Limine*, as the issue of Rivera's deposition testimony was more fully briefed in the fourth argument therein. *See* ECF No. 353, at 12–13. In short, Nuhfer strongly objects to the admission of Rivera's deposition testimony pursuant to Rules 401 and 403, *see also* ECF No. 343 (Nuhfer's Conditional Motion to Sever), and Rivera asks that this Court not admit any of his deposition testimony until it has "conduct[ed] a complete Rule 401 and 403 analysis of

3

#110856135v2

the *specific* deposition excerpts that the government intends to introduce as evidence," ECF No. 353, at 13.

### III.    Speculative statements and *ad hominem* attacks must stay out.

Rivera and Nuhfer moved to preclude statements from PDV USA depositions or FBI 302s that were purely speculative (*i.e.*, "Coon did not know why the [PDV USA-IAC contract] was being transferred. Coon believed the transfer decision came from . . . .") or unfairly prejudicial (*i.e.*, a witness stating that Mr. Rivera "had been the subject of serious ethical misconduct and allegations"). ECF No. 338, at 6–9. As to the latter point, the government concedes that it "does not intend to elicit from any witness who may testify [any statements] to the effect that Rivera is a 'corrupt' or 'crooked' politician" or that there have been "allegations of election fraud . . . that is without probative value or is otherwise improper." ECF No. 357, at 11. However, Defendants remain concerned that government *witnesses* may haphazardly insert such statements into otherwise responsive answers to legitimate government questioning given their penchant for having done so in depositions for the S.D.N.Y. case and during law enforcement interviews. Accordingly, this Court should order the government to instruct its witnesses that such statements cannot be made, for once such prejudicial words are spoken, no juror will be able to unhear them.

As to the 302 reports, the government asserts that "law enforcement interview reports are not statements of the witnesses who were interviewed and cannot to be offered at trial, including for purposes of impeachment." ECF No. 357, at 10. This is an overly simplistic—and incorrect— statement that does not capture the nuances of the law. Once again, Rivera and Nuhfer direct this Court to their Response to the Government's Motion *in Limine*, as the issue of the admissibility or use of 302 reports—in particular, for impeachment purposes—is more fully briefed therein as argument number eight. *See* ECF No. 353, at 19–20.

#110856135v2

Finally, as to the Arnaldo Arcay deposition from the S.D.N.Y. civil case—and other depositions like it—the government states that those "out-of-court statements are not admissible at trial," and the government "does not intend to offer them as evidence." ECF No. 357, at 10. The government wrongly argues, however, that Rivera and Nuhfer cannot properly object to the admission of the "substance of that deposition testimony" as "an important part of the factual context for the pending charges is that employees of Citgo, upon learning of the PDV USA agreement . . . investigated the circumstances of the agreement, including by researching Rivera and his company[.]" *Id.* The government's assertion is completely false. Defendants can absolutely object to the admission of the "substance of such testimony" on any number of possibly implicated grounds, such as hearsay, the Sixth Amendment of the U.S. Constitution, lack of personal knowledge, Rule 403, *etc.* The very sentence the government has written—"that [unnamed, non-testifying] employees of Citgo" performed an investigation—attempts to slither in inadmissible hearsay and violates the Confrontation Clause of the Constitution. This is not permitted. Counsel for Rivera and Nuhfer are free to raise any number of objections to the "substance" of a witness' testimony.

\* \* \*

WHEREFORE, Defendants David Rivera and Esther Nuhfer respectfully ask that Court grant their Motion *in Limine* to Exclude Evidence [ECF No. 338].

**Respectfully submitted on February 23, 2026,**

| **JONES WALKER LLP** | **MARKUS/MOSS PLLC** |
|---|---|
| 201 S. Biscayne Blvd., Suite 3000 | 40 N.W. Third Street, PH1 |
| Miami, FL 33131 | Miami, FL 33128 |
| Tel: (305) 679-5700 | Tel: (305) 379-6667 |
| By: */s/ David S. Weinstein* | By: */s/ David Oscar Markus* |
| **David S. Weinstein** | **David Oscar Markus** |
| Florida Bar No. 749214 | Florida Bar No. 119318 |
| dweinstein@joneswalker.com | dmarkus@markuslaw.com |

#110856135v2

| | |
|---|---|
| **Thomas P. Bardenwerper**<br>Florida Bar No. 1044458<br>tbardenwerper@joneswalker.com<br><br>**EDWARD R. SHOHAT, PA**<br>201 S. Biscayne Blvd., Suite 3000<br>Miami, FL 33131<br>Tel: (786) 525-3621<br>By:   */s/ Edward R. Shohat*<br>     **Edward R. Shohat**<br>     Florida Bar No. 152634<br>     ed@edwardrshohat.com<br><br>*Counsel for David Rivera* | **A. Margot Moss**<br>Florida Bar No. 91870<br>mmoss@markuslaw.com<br>**Melissa Madrigal**<br>Florida Bar No. 93241<br>mmadrigal@markuslaw.com<br><br>*Counsel for Esther Nuhfer* |

6

#110856135v2