UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

No. 22-cr-20552-DAMIAN/TORRES

UNITED STATES OF AMERICA,

v.

DAVID RIVERA and ESTHER NUHFER,

Defendants.

_____/

**NUHFER'S MOTION IN LIMINE TO EXCLUDE
INADMISSIBLE EVIDENCE**

On Friday evening the Government advised the defense that it intended to introduce a number of exhibits that are inadmissible.  We move to exclude those here.  We group them by categories.

**I. Newspaper articles (GXs 659R and 660R)**

Despite this Court's previous ruling excluding newspaper articles (both before trial when dealing with links in the chat and during trial with one of the articles at issue here), the government is trying again.  This Court should reject the government's third attempt to put in newspaper articles.  In fact it is the defense's memory that during trial, the government tried to put in the same New York Times article (in connection with Mr. Rivera's comment to Mr. Ballard about his "statement to the Washington Post," GX 82) and the Court sustained the defense objection.  Despite these two rulings, the government has informed counsel that it is going to try again to put in inadmissible newspaper articles, this time proposing to admit two redacted articles from after the alleged conspiracy (in 2020), one from the Miami Herald and one from the New York Times concerning the civil lawsuit between PDV-USA and Mr. Rivera's company.  This Court's ruling

should be the same and the articles should be excluded as they both contain rank hearsay that the defense contests. *See, e.g., Southern Wine v. Division of Alcohol and Tobacco Control*, 731 F.3d 799, 808 (8th Cir. 2013) (describing newspaper articles as "rank hearsay" even if they are self-authenticating).

For example, the first line of the redacted Herald article that the government seeks to introduce says that Rivera "signed a $50 million contract to provide consulting services for Venezuela's state-run oil company." The Herald continues that Rivera "gave a murky explanation" about the contract. The New York Times is no better, claiming that PDVSA "seeks to recover, with interest, the $15 million. …" Those statements by reporters are not admissible under any theory. There is no question that they are hearsay and inadmissible commentary.

Even Mr. Rivera's supposed quotes in the articles are inadmissible. They are hearsay against Ms. Nuhfer (they are not statements in furtherance of any conspiracy). They are also hearsay as to David Rivera since the alleged statement was taken down by a reporter.

In addition, on behalf of Ms. Nuhfer, we do not agree to the authenticity of the quotations – in other words, we do not agree that the statements were made by Mr. Rivera. Therefore, the government has no way to admit them through an agent because the agent did not take down the statement. *See, e.g., United States v. Thomas Goldstein*, 8:25-cr-6 (D. Md.) (excluding statements allegedly made by the defendant to the New York Times without calling the reporter); *see also United States v. Foote*, No. 00-CR-20091-01-KHV, 2002 WL 1822407 (D. Kan. Aug. 8, 2002) (requiring reporter to testify before admission of defendant's statements).

Finally, they are not relevant. The government proposes to use them to show that Mr. Rivera is lying about the contract and where the money was going. Even if Mr. Rivera lied in 2020, that does not aid the jury in determining whether Ms. Nuhfer (or Mr. Rivera) had to file a

FARA form. *Krulewitch v. United States*, 336 U.S. 440 (1949) (statements made after the conspiracy's objectives were completed are inadmissible); *Grunewald v. United States*, 353 U.S. 391 (1957).

The government makes several arguments that do not hold water.  First it says that the statement is admissible against Rivera to show consciousness of guilt.  But the government still has a hearsay problem.  Plus, consciousness of guilt regarding what?  To be relevant it would have to relate to the failure to file a FARA form, not what the money was used for.  The government also raises the odd argument that because it claims that the statements are not true, they are not hearsay because they are not being offered for the truth of the matter asserted.  The government does not cite to any cases in which a statement is admissible because the government claims the statement is a lie.  There is a difference between offering a statement to prove state of mind or effect on the listener on one hand and saying that the contents of the statement are not true on the other hand.  The latter is still hearsay because the contents of the statement are being used for their contents (and then the government will try to interpret them in closing).

To get around all of this, the government argues that Rivera somehow adopted the statements in the articles.  The best the government can do for this point is a citation to an out-of-district non-published order, *United States v. Lesh*, 2021 WL 4941013, at *4 (D. Colo. Oct. 22, 2021).  But *Lesh* helps the defense – there, the defendant acknowledged and explicitly adopted the statements during a podcast interview.  No such adoption has occurred here. As the government itself acknowledges, Rivera "refuse[d] to acknowledge that he provided this statement to the Miami Herald."  Gov't motion at 9, n.3.

Next, the point the government is trying to make with these articles is cumulative. It already has admitted depositions with Mr. Rivera's statements in an attempt to prove that Mr. Rivera lied. These newspaper articles do not add anything to those already-admitted depositions.

Finally, if the government can somehow get around all of these points, then the articles themselves are still not admissible, even in redacted form. Only Rivera's statements would come in and only through a reporter's testimony. And if that happens, Ms. Nuhfer would renew her motion for severance and alternatively request an instruction to the jury that the statements could not be considered against her.

## II. Chats between Rivera and non-conspirators (GXs 16, 18, 19, 21AT)

Pretrial, the defense moved in limine to exclude the chats that included Gorrin and Perera because we argued that they were not co-conspirator statements in furtherance of any proved conspiracy. The Court denied this motion, conditionally finding that there was enough to show a conspiracy and that the statements were in furtherance of the conspiracy. Now the government wants to introduce chats between (1) Rivera and Rep. Pete Sessions (GXs 16 and 18), (2) Rivera and Eduardo Orsoni (GX 19), and (3) Rivera and Viviana Bovo (GX 21AT).

These text chains are inadmissible for at least 3 reasons. First, as the government concedes, Pete Sessions, Eduardo Orsoni, and Vivianna Bovo are not co-conspirators under any meaning of the term and therefore, their statements are hearsay. Second, neither their statements nor Rivera's in the chats are in furtherance of any conspiracy and therefore, the chats are hearsay. Third, Esther Nuhfer is not on any of the chats and will not have the ability to cross-examine the declarants of the chats.

The government says that their statements are to put Rivera's in context, but that limited exception does not work here where the statements in the chats by the non-conspirators are substantive and are not simple questions to put the answers in context.

**III. A video excerpt of an interview of David Rivera on local news (GX 652A1)**

The government seeks to introduce a video-clip excerpt of David Rivera's appearance on the news program "This Week in South Florida" on June 26, 2022. This is long after the supposed conspiracy ended. It is hearsay as to Esther Nuhfer. It would not be admissible against her in a separate trial. All of this evidence that the government is admitting only against David Rivera is taking a huge toll on Ms. Nuhfer and we again renew our motion for severance. Even if the Court denies the severance, the Court should not admit this exhibit. It is not relevant to any fact in the indictment. Again, it is being used to show that David Rivera lied after the indictment. It should therefore be excluded under 401 (it's not relevant), 403 (it's unduly prejudicial and **needlessly cumulative**), and 404 (it's being used to prove another bad act (lying) and not a charge in the indictment).

David Rivera adopts this motion.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, FL 33128

By: /s/ David Oscar Markus
David Oscar Markus
Florida Bar No. 119318
dmarkus@markuslaw.com

A. Margot Moss
Florida Bar No. 91870