UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-CR-20552-DAMIAN

UNITED STATES OF AMERICA,

v.

DAVID RIVERA and
ESTHER NUHFER,

     Defendants.

_____/

ORDER ON DEFENDANT ESTHER NUHFER'S
MOTION FOR JUDGMENT OF ACQUITTAL ON THEORIES OF LIABILITY
RELATING TO AIDING AND ABETTING AND CONSPIRACY [ECF NO. 439]

**THIS CAUSE** is before the Court on Defendant Esther Nuhfer's Motion for Judgment

of Acquittal on the Theories of Liability Relating to Aiding and Abetting and Conspiracy,

filed April 5, 2026 [ECF No. 439].

THE COURT has considered the Motion, the Government's Response [ECF No.

440], the pertinent portions of the record, and relevant authority and is otherwise fully

advised. The Court also heard from the parties, through counsel, at a Status Conference held

on April 6, 2026. [ECF No. 442].

## I.     RELEVANT BACKGROUND

A federal grand jury returned the original indictment against the Defendants, David

Rivera and Esther Nuhfer, on November 17, 2022. [ECF No. 3]. On December 14, 2023, the

grand jury returned a Superseding Indictment against the Defendants. [ECF No. 122]. The

Superseding Indictment, which is the operative indictment, charges the Defendants with

conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18,

United States Code, Section 371, and Title 22, United States Code, Sections 612(a) and 618(a) (Count 1), with violation of FARA (Count 2), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count 3), and with engaging in monetary transactions in criminally derived property, in violation of Title 18, United States Code, Section 1957 (Counts 4-8). *Id*. In addition, the Superseding Indictment includes additional charges against Defendant Rivera of making false tax returns, in violation of Title 26, United States Code, Section 7206(1) (Counts 9 and 10), and attempting to evade tax, in violation of Title 26, United States Code, Section 7201 (Count 11). *Id*. Counts 2 through 8 also charge aiding and abetting, in violation of Title 18, United States Code, Section 2.

The Superseding Indictment alleges, generally, that the Defendants engaged in political activities in the United States on behalf of the Government of Venezuela by representing the interests of the Government of Venezuela before officials of the United States Government in an effort to influence United States foreign policy towards Venezuela, and that they concealed these efforts by failing to register under FARA as agents of the Government of Venezuela and by creating the false appearance that they were providing consulting services to the American entity, PDV USA. *See* Sup. Ind. at 5, ¶ 3.

The case proceeded to a jury trial on March 23, 2026, and, as of the writing of this Order, the trial is ongoing. Prior to the first charge conference in the case, on April 5, 2026, Defendant Nuhfer filed the Motion now before this Court. In the Motion, Defendant Nuhfer argues that if the Government proves that she was acting as a foreign agent, then she had her own independent duty to register and is liable as a principal, whereas, if the Government does not prove that she was acting as a foreign agent, then she had no duty, obligation, or capacity to violate the FARA statute. Mot. at 1. According to Defendant Nuhfer, "A duty she was

2

never given cannot be aided and abetted. A crime she was incapable of committing as a principal cannot ground a conspiracy conviction." *Id.* at 1-2.

The Government responds that it "has adduced (and will continue to adduce) ample evidence at trial showing that—at the very least—Defendant Nuhfer aided and abetted Defendant Rivera's acting as an agent of a foreign principal without having registered as required by FARA." [ECF No. 440].

As discussed below, this Court finds Defendant Nuhfer's arguments as to both the conspiracy and the aiding and abetting charges unavailing and, therefore, denies the Motion.

## II.   LEGAL STANDARDS AND ANALYSIS

### A. *The Foreign Agents Registration Act*

FARA states that "[n]o person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement" and supplemental material. 22 U.S.C. § 612(a). An "agent of a foreign principal" is defined as "any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal" and "who directly or through any other person" engages in specified conduct in the interests of that foreign principal. *Id.* § 611(c)(1).

That specified conduct includes (1) "engag[ing] within the United States in political activities for or in the interests of such foreign principal" and (2) "act[ing] within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal." *Id.* § 611(c)(i)-(ii). A foreign agent is not required to register under FARA if the agent is "engaging or agreeing to engage only (1) in private and nonpolitical activities in furtherance of the bona fide trade or commerce of

such foreign principal" or "(2) in other activities not serving predominantly a foreign interest." *Id.* § 613(d).

The Government may pursue criminal charges against an individual who "willfully violates" FARA. *Id.* § 618(a)(1).

### B. *The Conspiracy Charge*

Count 1 alleges a conspiracy to violate FARA, in violation Title 18, United States Code, Section 371. "A 'conspiracy' is an agreement by two or more persons to commit an unlawful act." *Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 2025*, Offense Instruction 013.1. (General Conspiracy Charge). The crime of conspiracy has three elements: (1) an agreement between two or more persons to achieve an unlawful objective; (2) the knowing and voluntary participation in that agreement by the defendant; and (3) an overt act in furtherance of the agreement. *United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012). In this case, the Government alleges that the unlawful objective of the conspiracy was violation of FARA. The parties agree that for the FARA violation, the Government must prove: (1) that the defendant acted in the United States as an agent of a foreign principal, in this case the Government of Venezuela; (2) that the defendant failed to submit a true and complete registration statement with the Attorney General of the United States detailing information about the Defendant's foreign agency, as required by law; and (3) that the defendant acted knowingly and willfully. *See* 22 U.S.C. §§ 612(a) and 616(a).

The Superseding Indictment, and specifically Count 1, is a speaking indictment that details the conduct underlying the alleged conspiracy and tracks the statutory language of the FARA statute. *See* Sup. Ind. at 5. Where, as here, an indictment tracks the language of the criminal statute, the indictment must also include enough facts to inform the defendant of the

4

specific offense that the Government is charging.[1] *United States v. Bobo*, 344 F.3d 1076, 1083-84 (11th Cir. 2003) ("An indictment that requires speculation on a fundamental part of the charge is insufficient.").

### C. The Allegations Against The Named Defendants

Paragraphs 3 through 92 of Count 1 provide the factual bases for the conspiracy charge in detail. The Superseding Indictment describes the object of the scheme ("to unlawfully enrich themselves by engaging in political activities in the United States on behalf of the Government of Venezuela before officials of the United States government, in an effort to influence United States foreign policy toward Venezuela, and to conceal these efforts by failing to register under FARA as agents of the Government of Venezuela and by creating the false appearance that they were providing consulting services to PDV USA.") Sup. Ind. at 5, ¶ 3. It sets forth the manner of executing the scheme (by entering into a lucrative contract with a United States subsidiary of the Venezuelan Government owned oil company, facilitating meetings between American Government officials, lobbyists, and consultants and Venezuelan Government officials and opposition leaders, and working to affect United States Government policies toward Venezuela and Venezuelan leaders and related individuals). *Id.* at 6-10. And it details a series of acts to effectuate the object of the scheme. *Id.* at 11-27.

It is clear from the face of the Superseding Indictment that it alleges a conspiracy and states all of the elements of the underlying FARA charges. The Superseding Indictment also provides ample facts and circumstances to inform the Defendants of the specific conspiracy

---

[1] It is not necessary, however, for an indictment to allege in detail the factual proof that the Government intends to rely upon to support the charges. *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978).

with which they are charged. Moreover, the Government has offered and continues to offer substantial evidence at trial to support the allegations in the Superseding Indictment.

The Superseding Indictment also identifies the co-conspirators with whom the Defendants, and in particular, Defendant Nuhfer, allegedly conspired to violate FARA. The Superseding Indictment details allegations of how Nuhfer allegedly engaged in political activities and agreed with others to engage in political activities in connection with and on behalf of the Venezuelan Government, and the Superseding Indictment alleges that none of the co-conspirators registered with the Attorney General pursuant to FARA's requirements. The Superseding Indictment includes allegations that Defendant Nuhfer, Defendant Rivera, Individual 1, and Foreign Individual 1 agreed to work together as part of an effort to garner political support in the United States for normalization of relations between the United States and Venezuela, including resolving a legal dispute between a U.S. oil company and Venezuela and reducing U.S. economic sanctions against then Venezuelan President Nicolas Maduro and others. *See* Sup. Ind. at 6, ¶ 4. In furtherance of that plan, the Venezuelan Government directed executives of CITGO oil company to enter into a contract with Defendant Rivera's company, Interamerican Consulting. *Id*. ¶ 5. The Defendants drafted the description of the consulting services to be provided and, ultimately, Defendant Rivera signed the contract on behalf of Interamerican Consulting. *Id*. at 7, ¶ 7. The contract provided for payment of a total of $50 million to Interamerican. *Id*.

Defendant Nuhfer and the alleged co-conspirators then allegedly engaged in efforts to achieve the objectives of the contract by arranging meetings between and among U.S. politicians, Venezuelan officials, including members of the Venezuelan opposition and members of Maduro's Government, and oil company executives. *Id*. at 7-26. The Superseding

Indictment alleges that Venezuelan Government officials directed the co-conspirators' actions and facilitated payments to Interamerican Consulting. *Id.* Approximately $20 million was paid by the Venezuelan oil company through U.S. subsidiaries to Interamerican, which Defendant Rivera distributed to the alleged co-conspirators, including Defendant Nuhfer. *Id.*

Suffice it to say, the Superseding Indictment includes plentiful allegations of Nuhfer's involvement in and support of the alleged conspiracy and acts in furtherance of the alleged violations of FARA and conspiracy to violate FARA.

### D. An Individual Can Conspire To Violate FARA – Even If They Are Not Proven To Have Violated FARA.

Defendant Nuhfer argues that she cannot be guilty of a conspiracy to do something she could not be found guilty of in the first place. *See* Mot. at 1-2. Initially, that argument is contrary to well established precedent governing criminal conspiracies. *See Salinas v. United States*, 522 U.S. 52, 64 (1997) (citation omitted) ("A person ... may be liable for conspiracy even though [s]he was incapable of committing the substantive offense.").

Her theory appears to be that if she is not found to have acted as an agent of the Venezuelan Government, then she is not capable of violating FARA, and by extension, she is not capable of conspiring to violate FARA because she would have had no obligation to register as required by the statute. This argument is without merit.

The Government has no obligation to demonstrate that each conspirator agreed personally to commit—*or was even capable of committing*—the crime that is the object of the conspiracy. Rather, it is sufficient for the conspirators to agree that some member of the conspiracy would commit the offense. *Ocasio v. United States*, 578 U.S. 282, 289 (2016) ("Not only is it unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense, but also a conspirator may be convicted 'even though [s]he was

7

incapable of committing the substantive offense' [her]self." (quoting *Salinas,* 522 U.S. at 64);

*see United States v. Rabinowich*, 238 U.S. 78, 86, (1915) ("A person may be guilty of conspiring

although incapable of committing the objective offense"); *Sand*, *supra*, § 19.01, at 19–3

("[Y]ou may find the defendant guilty of conspiracy despite the fact that he himself was

incapable of committing the substantive crime").

Defendant Nuhfer's argument that she cannot conspire to violate FARA if she is not

required to register under FARA misconstrues the FARA statute. FARA is not solely based

on a failure to register, but it also requires acting as a foreign agent. And, as discussed above,

well established law governing proof of conspiracies makes it clear that co-conspirators need

not commit all of the acts necessary to be convicted of the underlying substantive crime. The

Supreme Court explained this concept in *Ocasio*:

> Although conspirators must "pursue the same criminal objective," "a conspirator [need] not agree to commit or facilitate each and every part of the substantive offense." *Salinas, supra,* at 63 []. A defendant must merely reach an agreement with the "specific intent that the underlying crime *be committed*" by some member of the conspiracy. 2 K. O'Malley, J. Grenig, & W. Lee, Federal Jury Practice and Instructions: Criminal § 31:03, p. 225 (6th ed. 2008) (emphasis added); *see also id.,* § 31:02, at 220 (explaining that a defendant must "intend to agree and must intend that the substantive offense *be committed*" (emphasis added)). "The government does not have to prove that the defendant intended to commit the underlying offense himself/herself." *Id.,* § 31:03, at 226. Instead, "[i]f conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators." *Salinas, supra,* at 64 []; *see Sand*, *supra,* § 19.01, at 19–54 ("[W]hen people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy").

> \* \* \*

> Not only is it unnecessary for each member of a conspiracy to agree to commit each element of the substantive offense, but also a conspirator may be convicted "even though he was incapable of committing the substantive offense" himself. *Salinas, supra,* at 64 []; *see United States v. Rabinowich,* 238 U.S. 78, 86 (1915) ("A person may be guilty of conspiring although incapable of committing the

objective offense"); *Sand, supra,* § 19.01, at 19–3 ("[Y]ou may find the defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime").

*Ocasio v. United States*, 578 U.S. 282, 288–89 (2016).

In Defendant Nuhfer's case, if she conspired with others for those others to commit the underlying crime and provided support for those co-conspirators to commit that offense, she is just as guilty as the co-conspirator(s) who committed the underlying offense. Thus, by example, if the jury finds that she was not acting as a foreign agent, and, as such, was not required to register, she may still be guilty of conspiracy if she provided support to others to act as unregistered foreign agents.

The district court's analysis in *Sun* is also instructive. There, the defendant argued that she could not be charged with a FARA conspiracy where her co-conspirators were foreign nationals who could not be legally required to register under FARA. Acknowledging that the foreign unindicted co-conspirators, as foreign nationals, likely could not be charged with violation of FARA, the court nevertheless determined that they could conspire with the defendant to violate FARA. *United States v. Sun*, No. 24-CR-346 (BMC), 2025 WL 1296456, at *10 (E.D.N.Y. May 5, 2025). That is, even though they were not legally capable of violating the statute, they could still be co-conspirators with the defendant. *See also United States v. Terry*, No. 24 CRIM. 427 (LGS), 2026 WL 458567, at *7 (S.D.N.Y. Feb. 18, 2026) (court rejected defendant's argument that FARA conspiracy count must be dismissed because the conspiracy count "fails to allege a criminal object because the alleged object of the charged conspiracy is 'to knowingly and willfully act as an agent of a foreign principal without registering,' but FARA criminalizes the willful failure to register").

9

In short, Defendant Nuhfer may be found guilty of conspiring to violate FARA if she conspired with others to act as unregistered foreign agents even if she herself is not required to register under the statute.

### E. An Individual May Be Guilty Of Aiding And Abetting Even If They Did Not Commit The Substantive Offense.

Defendant Nuhfer also argues that she cannot be guilty of aiding and abetting a duty she was never given. Like her challenge to the conspiracy charge, this argument also lacks merit.

The Superseding Indictment sufficiently alleges aiding and abetting because it references 18 U.S.C. § 2 and identifies the persons whom Defendant Nuhfer allegedly aided and abetted in committing the FARA violation. *United States v. Albury*, No. 8:11-cr-410-T-23TBM, 2012 WL 2912517, at *2 (M.D. Fla. July 16, 2012) (explaining that indictment sufficiently stated aiding and abetting charge where it referenced 18 U.S.C. § 2 and that it is not necessary for the Government to even cite the aiding and abetting provision in the charging instrument) (citing *United States v. Martin*, 747 F.2d 1404, 1407 (11th Cir. 1984) (explaining that aiding and abetting need not be specifically alleged in the indictment)).

A person who aids or abets a federal crime "is punishable as a principal." 18 U.S.C. § 2. Under an aiding and abetting theory, the Government must show that the defendant: (1) "in some way associated [herself] with the criminal venture"; (2) "wished to bring it about"; and (3) "sought by [her] actions to make it succeed." *United States v. Broadwell*, 870 F.2d 594, 608 (11th Cir. 1989) (citations omitted). The defendant does not need to have committed "the overt act that served to accomplish the offense" or even have knowledge of the "particular means" employed by the principal "to carry out the criminal activity." *Id.* (citing *United States v. Austin*, 585 F.2d 1271, 1277 (5th Cir. 1978)).

Like the conspiracy statute, "[t]he aiding and abetting statute allows the jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting elements of the crime" and someone else committed the substantive offense. *United States v. Simpkins*, 240 F. App'x 334, 341 (11th Cir. 2007); *see also United States v. Steele*, 733 F. App'x 472, 475-76 (11th Cir. 2018); *United States v. Broadwell*, 870 F.2d 594, 608 (11th Cir. 1989) ("The aiding and abetting statute allows the jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting elements of the crime." (citing *United States v. Pearson*, 667 F.2d 12 (5th Cir. 1982)).

Again, FARA requires that a person act as a foreign agent *and* fail to register before doing so. Even if Defendant Nuhfer is not found to have acted as a foreign agent, and thus cannot be guilty of violating FARA, she may be found guilty if she aided and abetted others in acting as unregistered agents, which is what the Government alleges.

### III.    CONCLUSION

For the reasons set forth above and on the record, this Court finds that Defendant Nuhfer may be convicted of conspiracy to violate FARA and of aiding and abetting a FARA violation even if she herself is not found to have acted as a foreign agent and, thereby, would not have had a duty to register.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.    Defendant Nuhfer's Motion for Judgment of Acquittal on the Theories of Liability Relating to Aiding and Abetting and Conspiracy [**ECF No. 439**] is **DENIED**.

To the extent the Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 15th day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of record