**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CR-20552-DAMIAN**

**UNITED STATES OF AMERICA**

**v.**

**ESTHER NUHFER,**

**Defendant.**
_________________________________/

**[ALTERNATIVE] GENERAL PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant **ESTHER NUHFER** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On November 16, 2022, a federal grand jury sitting in the Southern District of Florida returned an Indictment charging the Defendant Nuhfer in Count 1 with conspiracy to commit an offense against the United States, that is, failure to register as a foreign agent, in violation of 18 U.S.C. § 371 and 22 U.S.C. §§ 612(a), 618(a)(1), in Count 2 with failure to register as a foreign agent, in violation of 22 U.S.C. §§ 612(a) and 618(a)(1), in Count 3 with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and in Count 6 with engaging in transactions in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C. § 1957. *See* Indictment, Dkt. No. 3.

The Indictment also contained forfeiture allegations, which provided that upon conviction of a violation of, or conspiracy to violate, 22 U.S.C. §§ 612(a) and 618(a)(1), Defendant Nuhfer shall forfeit to the United States any property, real or personal, which constitutes or is derived from

proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id*. at 31. The forfeiture allegations also provided that upon conviction of a violation of 18 U.S.C. §§ 1956 and/or 1957, Defendant Nuhfer shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* The forfeiture allegations section also specifically listed certain assets subject to forfeiture. *See id*. at 31–32.

On December 14, 2023, a federal grand jury sitting in the Southern District of Florida returned a Superseding Indictment, maintaining the same charges as in the Indictment, but also adding tax charges against Co-Defendant David Rivera.[1] *See* Superseding Indictment, Dkt. No. 122. The Superseding Indictment also maintained the same forfeiture allegations as in the Indictment. *See id*. at 38–40.

The forfeiture allegations listed the following five specific assets alleged to be subject to forfeiture as directly forfeitable assets pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1):

(a) Wells Fargo account no. 6423-2614, held in the name of Esther Nuhfer;

(b) Real property located at 2665 S.W. 37th Avenue, Unit 504, Miami, Florida 33133;

(c) Real property located at 1673 Pink Dogwood Way, Oviedo, Florida 32765;

(d) Real Property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051;

(e) Real property located at 10925 N.W. 43rd Lane, Doral, Florida 33178.

*See id*. at 39–40.

On March 22, 2026, the United States filed an Amended Bill of Particulars, giving notice that, in addition to the property generally and specifically identified in the forfeiture allegations of

[1]Tax-related charges have since been severed. *See* Order, Dkt. No. 325.

the Superseding Indictment, the United States seeks the forfeiture of the following property as directly forfeitable assets, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1):

(a) Real property located at 3663 S. Atlantic Avenue, Unit 20C, New Smyrna Beach, Florida 32169;

(b) Real property located at 9425 S.W. 38th Street, Miami, Florida 33165; and

(c) Real property located at 82 Tingler Lane, Marathon, Florida 33050.

*See* Amend. Bill of Particulars, Dkt. No. 422; *see also* Bill of Particulars, Dkt. No. 123.[2]

On March 23, 2026, the case proceeded to trial. *See* Trial Minute Entries, Dkt. Nos. 424–428, 430–433, 435–436, 444–445, 447–449, 454, 456–457, 462, 480–481, 483.

On May 1, 2026, the petit jury empaneled in this case returned its Verdict [Dkt. No. 489] in which it found Defendant Nuhfer guilty of the violations charged in **Count 1** (conspiracy to violate 22 U.S.C. §§ 612(a) and 618(a)(1), in violation of 18 U.S.C. § 371), **Count 2** (failure to register as a foreign agent in violation of 22 U.S.C. §§ 612(a) and 618(a)(1)), **Count 3** (conspiracy to violate 18 U.S.C. § 1957 in violation of 18 U.S.C. § 1956(h)), and **Count 6** (money laundering, in violation of 18 U.S.C. § 1957). *See* Trial Minute Entry, Dkt. No. 487; Jury Verdict, Dkt. No. 489.

Continuing on May 1, 2026, upon Defendant Nuhfer's request to retain the jury to determine whether the requisite forfeiture nexus exists for specific property the Government sought to forfeit, the Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(5)(A) immediately following its announcement of the Verdict. *See* Trial Minute Entry, Dkt. No. 487.

---

[2] The Amended Bill of Particulars filed at Dkt. No. 422 revised the asset descriptions for certain real properties, which had previously identified specific sums of money to be preserved in place of forfeiting the corresponding real property.

Upon conclusion of that bifurcated forfeiture proceeding and subsequent deliberation, the same petit jury returned a Forfeiture Verdict, unanimously finding that the Government proved by a preponderance of the evidence that the real property located at 21 Sadowski Causeway, Key Colony Beach, Florida 33051 was involved in the money laundering offense charged in Count 6. *See* Special Verdict, Dkt. No. 490.

Federal Rule of Criminal Procedure 32.2(b)(2)(B) provides that, unless doing so is impractical, a preliminary order of forfeiture should be issued sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant at sentencing. However, Rule 32.2(b)(2)(C) states that in cases where the Court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the Court may enter a forfeiture order describing the property in general terms, subject to amendment pursuant to Rule 32.2(e)(1) when the specific property is identified, or the amount of the money judgment is calculated.

The Court finds that at this time it is unable to calculate the amount of the forfeiture money or determine the forfeitability of specific property.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, all property, real or personal, which constitutes or is derived from proceeds traceable to the offense in violation of 22 U.S.C. §§ 612 and 618, and/or a conspiracy to commit such violation, is hereby forfeited to the United States.

2. In addition, pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, all property, real or personal "involved in" a violation of 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property, is hereby forfeited to the United States.

3. Pursuant to Rules 32.2(b)(2)(C) and (e)(1), the Government may move at any time to amend this order when specific forfeitable property is identified or to move for the entry of a forfeiture money judgment against the Defendant.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

5. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this _______ day of August 2026.

______________________________
HON. MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE